## In re ORYELL.

District Court, W. D. New York. August 31, 1928.

Latona & Carlo, of Buffalo, N. Y., for petitioner.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Ralph A. Lehr, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for the United States.

HAZEL, District Judge. Pursuant to a search warrant issued by a United States Commissioner, the searching officer, a customs inspector, entered the private home of petitioner and seized 128 cases of liquors of various kinds, the containers concededly being labeled, "Liquor Control Board of Ontario"—a liquor board that was established in Ontario about April 5, 1927, more than eight years after the passage of the Volstead Act. The search warrant, after its execution, and after seizure of the contraband, was traversed, and the same commissioner who issued the warrant, held it to have been illegal for failure to disclose probable cause for its issuance. It having been held invalid, the evidence of the custody of the liquors seized was suppressed and the accused discharged. No appeal or review of the decision was taken, and no proceeding to libel the intoxicating liquors has been commenced, nor is there any intention on the part of the government to institute such a proceeding.

The petitioner now asks, as owner and possessor of the liquor at time of seizure, which he swears was lawfully acquired, for its return on the ground that his residence was unlawfully invaded. Concededly there was no sale by him or any one residing at the place where the liquor was found. The petitioner was not accused of violation of the customs laws. He was charged with violation of the National Prohibition Act (27 USCA), although the search warrant states that the liquor was brought into the United States without paying the duties, in contravention of the customs laws. The reason for changing the nature of the accusation does not appear. The right of restoration must be determined under section 25 of title 2 of the National Prohibition Act (27 USCA § 39), which declares that property seized "shall be subject to such disposition as the court may make thereof."

In opposition to the return of the liquor to the petitioner, the government con-

tends that it manifestly was not lawfully acquired or possessed, since the labels on the containers show the contrary. Inasmuch, however, as it is admitted that the search warrant was defective and invalid, I am of the opinion that the liquor must be returned to its custodian or owner, from whom it was unlawfully taken (Amos v. U. S., 255 U. S. 313, 41 S. Ct. 266, 65 L. Ed. 654), regardless of the admission by the accused, after the execution of the search warrant, to the deputy collector that the liquor had, a short time before, been brought to his home by one Ed. Mang, who had rented a room in his house.

The Fourth and Fifth Amendments, as has often been said, protect every person from the invasion of his home by federal officials without a legal warrant, and from incriminating evidence procured as a result of the invasion. In Byars v. U. S., 273 U. S. 28, 47 S. Ct. 248, 71 L. Ed. 520, the Supreme Court substantially said that it is wholly immaterial that the search revealed evidence of violation of the statute, since an invalid search warrant is not made lawful by what it brings to light.

This applies, not only to the suppression of the things seized, but any testimony discovered, by admission or otherwise, tending to establish a violation. Silverthorn Lumber Co. v. U. S., 251 U. S. 385, 40 S. Ct. 182, 64 L. Ed. 319. In Castro v. U. S. (C. C. A.) 23 F.(2d) 263, it was ruled that, in a libel for forfeiture proceeding of intoxicating liquors, the government must prove that possession of liquor at the time of seizure was unlawful, and prima facie that the seizure was lawful, and such was the previous ruling in this circuit in U. S. v. Specified Quantity of Int. Liquors (C. C. A.) 7 F.(2d) 835; while in Wagner v. U. S. (C. C. A.) 8 F.(2d) 581, it was held that search warrants under the internal revenue statute, as well as under the National Prohibition Act, must contain facts showing probable cause, as distinguished from mere suspicion, beliefs, and surmises, or mere conclusions, as a condition for its issuance.

The principle of these adjudications bears upon the right of restoration in this case, and, accordingly, an order may be entered directing the return of the liquors to the claimant.