UNITED STATES v. ONE OX–5 AMERICAN EAGLE AIRPLANE, No. 5571 (KINNEAR, Claimant).

No. 12903.

District Court, W. D. Washington, N. D.
February 4, 1930.

Anthony Savage, U. S. Atty., and Tom De Wolfe, Asst. U. S. Atty., both of Seattle, Wash., for libelant.

Revelle, Simon & Coles, of Seattle, Wash., for claimant.

NETERER, District Judge (after stating the facts as above).

■ It is insisted that the libel is lacking in substance, in that it does not allege that the airplane was in the custody of the collector of customs, but, rather says, in his possession.

Custody, as distinguished from legal possession, may be said to be a charge to keep subject to order or direction. Cutter v. Howe, 122 Mass. 541, 543; People v. Burr, 41 How. Prac. (N. Y.) 293, 296. While the terms "custody" and "possession" are not convertible, temporary custody does not constitute possession, it is a qualified possession, and, by the charge of possession in the amended libel by the collector, the clear purport is *custody* within the intent of the statute. See Emmerson v. State, 33 Tex. Cr. R. 89, 25 S. W. 289.

A reading of the indictment forces the inevitable conclusion that the plane is in the custody of the collector to await disposition according to law, as provided by section 605, Tariff Act 1922 (19 USCA § 512).

■ The Court of Appeals of the Second Circuit in The Underwriter, 13 F.(2d) 433, 434, said: "The learned District Judge was in error in holding that the seizure must be lawful in its origin.  *  *  *  As it appears

that the res was in the possession of the collector when the libel was filed, it is sufficient to support the jurisdiction of the libel"—citing a number of cases.

The exceptions confess the seizure and the possession of the plane, the unlawful importation as charged, and, obviously, the exceptions must be denied. In United States v. One Studebaker, etc. (C. C. A.) 4 F.(2d) 534, 535, Judge Rudkin for the court, said: "At the common law any person may, at his peril, seize for a forfeiture to the government, and, if the government adopts his seizure, and institutes proceedings to enforce the forfeiture, and the property is condemned, he will be completely justified. So that it is wholly immaterial in such a case who makes the seizure, or whether it is irregularly made or not, or whether the cause assigned originally for the seizure be that for which the condemnation takes place, provided the adjudication is for a sufficient cause." See, also, United States v. One Ford, etc. (D. C.) 3 F.(2d) 64.

The claimant's citations: Ghisolfo v. United States (C. C. A.) 14 F.(2d) 389, was a procedure under section 26, tit. 2, of the National Prohibition Act (27 USCA § 40) and the holding follows United States v. Loomis (C. C. A.) 297 F. 359, where the District Court was reversed on its conclusion here asserted by claimants. United States v. Certain Malt (D. C.) etc., 23 F.(2d) 879; Castro v. United States (C. C. A.) 23 F.(2d) 263; In re Oryell (D. C.) 28 F.(2d) 639; Talent v. United States (C. C. A.) 32 F.(2d) 630; are also national prohibition cases.

This court in United States v. Hydes, 267 F. 470, held that forfeiture under the National Prohibition Act must be strictly followed, and that the res must be arrested in the illegal act of transportation, and that case has been cited with approval many times.

Section 3450 [26 USCA § 1181] applies to vehicles "whether used for removal, deposit, or concealment, and even although the vehicle is not in motion and movement was never contemplated; section 26 [tit. 2 (27 USCA § 40)] applies only to a vehicle used in transporting contrary to law." United States v. One Ford, etc., 272 U. S. 321, 331, 47 S. Ct. 154, 157, 71 L. Ed. 279, 47 A. L. R. 1025.

■ Forfeiture may be made: Under the National Prohibition Act, tit. 2, § 26 (title 27, § 40, USCA); customs tariff laws (Rev. St. 3062, Tariff Act 1922, §§ 593, 594; Title 19, USCA, §§ 483, 496–498); the internal revenue laws (section 3450, R. S., title 26, USCA § 1181). See, also, narcotic and dis-

tillery statutes. The procedure in each case is in rem, but, under the National Prohibition Act, the thing may be convicted only on conviction of the offending person.

No representative of the United States participated in the search. Hence, the Fourth Amendment has no application. The facts, however, are fully as strong to show reasonable grounds for search as appear in King v. United States, affirmed on appeal from this court (C. C. A.) 1 F.(2d) 931. The officers had information that liquor and narcotics were being smuggled to the Everett airport, and were informed on the day previous to Kinnear's arrest that something interesting was going to "happen at the Everett airport"; they saw a strange plane, went to the airport and saw the plane land, and noticed "cow dung" on the plane, indicating the plane had landed at an unusual place. Kinnear got out of the plane, registered, and phoned the Renton airport, which port, affiants were informed, was active in liquor and narcotic activities; saw Scott, former manager of the airport, who had just arrived; Scott looked surprised when he saw the officers, whom he knew, and acted peculiar and avoided Kinnear; a third party said to the officers, knowing their official relation, "There is something in that ship." The officer lifted the canvas cover slip in the cockpit, saw, and seized the liquor.

The state officers had reason to believe that Kinnear had been, and was, committing a felony, and had a right to search without any paper warrant.

The exceptions are overruled. The motion to suppress is denied.