12919

STATE V. MARLOWE

(153 S. E., 340)

*Mr. G. Lloyd Ford,* for appellant,

*Mr. L. M. Gasque, Solicitor,* for the State.

May 13, 1930.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

The appellant was convicted in the Court of General Sessions for Horry County under an indictment which charged him with violation of the prohibition law, the first count charging "possession," and the second count charging "storing." From the adverse verdict against him, and a sentence of one year imprisonment, he has appealed to this Court.

Exceptions 1 to 4, inclusive, charge error in refusing to direct a verdict of not guilty. The grounds of the motion for a directed verdict were that the evidence showed the sale of liquor, but not any storing; that the evidence did not show that the whisky in the possession of the appellant contained more than 1 per cent. alcohol; that the indictment charged storing and having in possession, and there was no evidence of those things, but only evidence of selling; and there was no evidence that the whisky sold would produce drunkenness. All these exceptions are without merit. It is not necessary to review all the testimony. It is sufficient to state that several witnesses testified that they bought whisky from the appellant; some of them saw him bring it from his house, and one witness said the whisky delivered to him was brought from appellant's woodpile.

The fifth exception charges error in allowing the State to show sales of whisky by the appellant when he was not charged with selling. The testimony of the witnesses, objected to, was competent, even if appellant was not charged with selling. The evidence went to establish the charge of storing.

Exceptions Nos. 6 and 7 may be considered together. These charge error in allowing witnesses to testify as to sales of whisky by the appellant previous to the date alleged in the indictment as to the "possession" and "storing," and as to allowing witnesses to testify as to the appellant giving them whisky after the finding of the indictment.

The evidence as to the sales before the date alleged in the indictment was competent on the ground that it tended to show storing. The evidence as to furnishing whisky to witnesses for the State, after the date alleged in the indictment, was competent because the witnesses testified that the appellant gave them that whisky, as he stated to them, for the purpose of keeping them from testifying against him. If a defendant seeks to bribe witnesses not to testify against him, evidence to that effect is always competent.

The eighth exception alleges error because the presiding Judge did not excuse the jury to hear the appellant's motion for a directed verdict; it being claimed now that this was prejudicial to the appellant as the jury heard the motion refused. There is no law or rule or rule of Court requiring the trial Judge to excuse the jury when hearing a motion for a directed verdict. Our Judges often adopt this practice, but the whole matter is within their discretion. We see nothing prejudicial to the appellant in any way of the remarks made by the presiding Judge. He simply said he could not grant the motion; he was right in his ruling; and he had to announce his ruling.

The ninth exception claims the trial Judge erred in not expressly charging the jury that before the appellant could be convicted, the State must prove that the substance he had in his possession, or was storing, contained at least 1 per cent. of alcohol, and, if drunk to excess, would produce intoxication. An examination of the whole charge shows no error on the part of the Judge in instructing the jury. Under the Criminal Code, Section 878,

of Chapter 20, relating to intoxicating liquors, "alcoholic liquors," used in our statutes, are considered to mean liquor, beer, which will produce intoxication, "or which contains in excess of one per centum of alcohol and is used as a beverage." It is unlawful to have alcoholic liquors in possession or to store such liquors, if they will produce intoxication, regardless of the percentage of alcohol contained therein. It is also unlawful to have in possession or store alcoholic liquors which contain an excess of 1 per cent. of alcohol and is used as a beverage, whether it produces intoxication or not.

The presiding Judge charged the jury as follows: "I want to impress on you that he is not charged here with selling. You couldn't convict him of selling, because he is not charged with it. Evidence has been introduced on the question of whether it is contraband liquor, or whether it carried with it the idea of continuity and habit; * * * It is for you to say whether they told the truth or not, and what you believe about the case."

The appellant, in his tenth exception, alleges that this was error, as it was a charge on the facts and intimated the Court's opinion to the jury of the facts. We think the charge was entirely proper. The Judge was seeking to impress upon the jury that they could not convict the appellant for having in possession or for storing on evidence of a single sale, unless the evidence also showed possession or storing. All through the charge, the Judge impressed the jury with the idea that the facts of the case were entirely for them.

The charge complained of by the appellant in his eleventh exception was without error. That charge was as follows: "If you think he is guilty on both counts just say 'guilty', which would mean guilty on both counts. If you do not think he is guilty of storing, but is guilty of having in possession contraband liquor, say guilty on the second count, or, if you think he is guilty of storing —if he is guilty of storing he is guilty of having it in pos-

session. If he is storing it, he has it in possession. You might find him guilty of having in possession without finding him guilty of storing."

The twelfth exception alleges that the sentence was excessive and unwarranted. The sentence imposed was within the terms of the law, and the Circuit Judge had the discretion to impose it.

The thirteenth and fourteenth exceptions complain of error in refusing to quash the indictment. The first count of the indictment was, perhaps, not technically correct. It charged the appellant with having in possession for unlawful use certain spirituous liquors, etc., "which contained alcohol, and are used as a beverage." This count did not allege that the alcoholic liquors mentioned would produce intoxication, or that they contained an amount of alcohol in excess of 1 per cent. One or the other of these should have been alleged, as will be seen by reference to the statute already mentioned. The second count of the indictment, the one which charged storing, did allege that the alcoholic liquors referred to contained more than 1 per cent. of alcohol and was used as a beverage. The refusal to quash the first count of the indictment cannot avail the appellant, since there was one good count in the indictment, the verdict of the jury was generally "guilty," and the sentence of the Judge was in accordance with the law.

We find nothing in the record to justify our disturbing the verdict and sentence against the appellant. The judgment of the lower Court is therefore affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER and CARTER concur.