FORGAN ET AL. *v.* STATE OF INDIANA ET AL.

[No. 13,953.   Filed July 3, 1930.]

*H. W. Schroeder* and *Bomberger, Peters & Morthland,* for appellants.

*Arthur L. Gilliom* and *James M. Ogden,* Attorney-Generals, *Edward M. White,* Assistant Attorney-General, and *V. Ed Funk,* Deputy Attorney-General, for the State.

NICHOLS, J.—On October 12, 1925, an affidavit was filed against one John Pencheff, charging him with violating the liquor law, by transporting intoxicating liquor in a motor vehicle.

Pencheff was arrested, and, on November 13, 1925, was tried, such trial resulting in a judgment of conviction, and also a judgment that the automobile seized at the time of the arrest be sold.

On December 16, 1925, appellants having theretofore served notice on the prosecuting attorney and the sheriff, appeared in the criminal court and tendered and asked leave to file an intervening petition, in substance, that on November 13, 1925, the sheriff of Lake County seized one certain automobile, as the property of one John Pencheff; that, thereupon, an affidavit was filed in the Lake Criminal Court against said Pencheff, wherein he was

charged with unlawfully possessing and transporting intoxicating liquor; that said Pencheff was tried on said charge and convicted thereof; that, by order of the court in said cause, said sheriff was ordered to sell at public auction, according to law, said above-described motor car; that said sheriff, pursuant to said order, advertised the same for sale, on December 9, 1925; that, on said date, said motor car was sold pursuant to said order of said court for $1,225; that, on April 29, 1925, Pencheff purchased said automobile from John Z. Serafin Auto Sales of Burnham, Illinois; that, at the time of the purchase thereof, Pencheff executed to said seller his promissory note bearing that date, wherein he promised and agreed to pay said auto-sales company $1,672, balance due on the purchase price thereof in installments, all of which more particularly appears from said notes so executed; that contemporaneously with the execution of said note, and to secure the payment thereof, Pencheff executed to the said seller his chattel mortgage on said motor car, which was duly recorded in the office of the Recorder of Cook County, Illinois, which county was the residence of Pencheff, mortgagor, on April 29, 1925; that, after the execution of the note and mortgage, and before the maturity thereof, said auto sales company indorsed, transferred and assigned in writing the same to these petitioners for a valuable consideration and without notice of any infirmity therein and in good faith.

The records of the trial court disclose that Pencheff was arrested, and, on November 13, 1925, was convicted in said court of transporting intoxicating liquors contrary to law and was ordered to serve sentence therefor in the Indiana State Reformatory; that, by reason of said arrest and conviction, said automobile was seized by said sheriff and sold by him under the order of that court on December 9, 1925. It is provided in said chattel mortgage that, if the said mortgagor shall use the automobile

in violation of law, then he should be considered in default, upon which the said mortgagees would be entitled to immediate possession of said car, and that the amount unpaid would immediately become due and payable; that, by reason of Pencheff's said conviction, this condition has been violated, and the said note has become due and payable and the petitioners are entitled to the immediate possession of said car or the money secured by the chattel mortgage therein, to wit, $1,115; that the petitioners are, in good faith, the owners of said claim, which arose out of a legitimate business transaction and for a valuable consideration; that they, at the time of the purchase of said note and chattel mortgage had no knowledge that said vehicle was used or to be used in violation of law; that, at no time since the purchase of said note and mortgage, have they had any knowledge that said vehicle was used or to be used in violation of law; that the first knowledge they had of such fact came to them after they learned that Pencheff had been convicted of the violation of the liquor law, which knowledge came to them on or about November 25, 1925, after judgment had been entered in this cause and after the sheriff of said county had been ordered to sell said car according to law; that they had no opportunity of knowing to what use said car was to be put or was being put; that, since they learned of its improper use and the conviction of said defendant and said order of sale under the liquor law, they immediately took steps to protect their rights in the premises, and that this proceeding is brought pursuant thereto; that they are a large organization, having their general office in Chicago; that they deal in motor-car deferred payment paper by the thousands, and that it would be physically impossible for them to know the use to which cars are to be put; that they do not deal with the owners or purchasers of the car at the time of the purchase of the paper, but merely have deal-

ings with them in the collection of the installments; that they have no means of knowing, nor can they know from the purchaser thereof, that said car is to be used in violation of law; that said purchaser, from the very nature of his business, does not tell the representative of this company for fear of the law and for fear of violating the terms of their chattel mortgage; that all the representations made to them by the purchaser of said car would lead them to believe that it was not used in violation of law.

The prosecuting attorney, on behalf of the State of Indiana, objected to the filing of such petition, and the court sustained such objection and refused appellants' leave to file such. Thereafter, the criminal court entered judgment refusing to permit such intervention, and adjudged costs against the appellants, from which judgment this appeal.

The automobile involved was sold under authority of Acts 1925 p. 144, ch. 48, §33, being §2748 Burns 1926. It is expressly provided therein that if "no one shall be found claiming the . . . automobile, . . . the taking of the same, with a description thereof, shall be advertised in some newspaper published in the city or county where taken, or if there be no newspaper published in such city or county, in a newspaper having circulation in the county, once a week for two weeks and by handbills posted in three places near the place of seizure, and if no claimant shall appear within ten days after the last publication or advertisement, the property shall be sold, and the proceeds, after deducting the expense and costs, shall be paid into the school funds of the county." The same section also provides that: "The sheriff, after deducting the expense of keeping the property, the fee for the seizure, and the cost of the sale, shall pay all liens, according to their priorities, which are established by intervention or otherwise, at such hearing or in other

proceedings brought for said purpose, and shall pay the balance of the proceeds into the school funds of the county."

That the seizure and disposal of an automobile under the provisions of §2748, *supra*, is an action *in rem*, a libel, see *Regadanz* v. *State* (1908), 171 Ind. 387, 86 N. E. 449; *Steward* v. *State* (1913), 180 Ind. 397, 103 N. E. 316. And, as in this case, the property seized, being in the custody of the Lake Criminal Court, that court was, of necessity, the only court having jurisdiction to try the rights of the parties thereto. The statute expressly provides: "That no claim of ownership or of any right, title or interest in or to said vehicle shall be held valid unless said claimant shows to the satisfaction of the court that he is, in good faith, the owner of said claim, and had no knowledge that said vehicle was used or to be used in violation of law." Thus, it appears that any rights which appellants have in the *rem* must be determined by the Lake Criminal Court. It does not appear by the petition as to whether the notice which the sheriff was required by the statute to give was given, but it is clear that appellants could not have been bound in any way by the order of sale entered on November 13, 1925, for they had no notice whatever of such proceeding. That the statute contemplated that those claiming an interest in the property seized might present such claim by intervening petition cannot be denied; and, as appellants, without notice, could not have filed the same at the time of the order of sale, it must be held that they were not precluded from filing it thereafter, and the statute is silent as to any particular time within which it must be filed. It is clear that the statute contemplates that the vehicle, the owner thereof being the party convicted of the law violation, shall be sold, regardless of any claims or liens that may

be thereon, and that such claims as are established shall be paid by the sheriff, but, as appears above, the court must determine as to the validity of the claims.

We hold that the court erred in refusing to permit appellants to file their intervening petition. After it is filed, the court can determine, if the question is properly presented, as to the sufficiency of its averments and of the proof to sustain the same.

Reversed.

McMahan, J., not participating.