# UTAH LIQUOR CONTROL COMMISSION v. WOORAS et al.

No. 6016.  Decided August 10, 1939.  (93 P. 2d 455.)

*Parnell Black, D. Howe Moffat* and *George H. Lunt,* all of Salt Lake City, for appellant.

*O. K. Clay* and *Henry Ruggeri,* both of Price, for respondent.

LARSON, Justice.

Utah Liquor Control Commission, hereinafter called libelant, as plaintiff, commenced in the District Court of Carbon County an action in libel against defendants, hereinafter called libelees, to confiscate certain tangible personal property as used in violation of the State Liquor Control Act. Chapter 43, Laws of Utah 1935, as amended by Chapter 49, Laws of Utah 1937. From an adverse decision libelant appeals. Two questions are presented for determination: (1)

Were the issues raised by the pleadings such as to make relevant and material certain testimony excluded by the court? (2) Were the pleadings and the proceedings by which the property was seized sufficient to vest the court with power to order a confiscation of the property? If both questions be answered in the affirmative the judgment must be reversed, but if question No. 2 be answered in the negative the judgment must stand.

The pertinent facts are as follows: Libelees operated at Helper, Utah, a place of business called the Grill Buffet. It consisted of a bar, a dice table, card tables, slot machines, tobacco counter, etc. On November 9, 1937, at about 12:55 P. M. libelee Kougelas sold to O. G. Broomhead, a special agent of libelant, a drink of whiskey, which was witnessed by W. R. Fairbourn, an inspector for libelant. Three other inspectors for libelant entered the place while Broomhead and Fairbourn were present but failed to see the sale and left the premises. One of these latter inspectors went to Price and secured a search warrant and an hour or an hour and a half later the three then returned to the Buffet and searched the premises but failed to find any intoxicating liquors. One of them, Robinson, arrested the defendants for violating the liquor regulations, and the prisoners were taken into the sheriff's custody. The inspectors then proceeded to take an inventory of the property and remained in possession of the premises until the next day. They tore loose the furniture and fixtures attached to the walls and floor and had all the tangible personal property moved to Price, where it remained in the possession of the libelant. A return was made by Fairbourn, who was not present at the search and seizure, and a warrant of attachment by the court was duly entered.

Plaintiff filed information in libel alleging the seizure of the property and that on the 9th day of November, 1937, the defendants had possession of and sold some whisky. Upon the trial of the case the court found, among other things, that the arrest of the respondents was void; that the

seizure of the tangible personal property was void and unreasonable; and that the warrant of attachment should be quashed and the property returned to the libelees. Libelant appeals, raising the questions stated above. We consider them in order.

1. At the hearing, libelant offered testimony to prove that on November 8, 1937, and again on November 9, libelees sold and served whisky at the Grill Buffet to Fairbourn; that on November 8, they sold and served a drink of whisky to Broomhead; that on September 28 and again on the 29th, and on November 6 and November 7, they sold and served whisky to Broomhead. The court sustained objections to and excluded all this evidence upon the ground that it was beyond the issues raised in the pleadings, the information of libel only alleging one sale, to-wit, a sale to Broomhead on November 9th. Libelant preserved its exception and assigns the ruling as error. This requires an examination of the pleadings. The information alleges: (1) The seizure of the property by the agent of the libelant; (2) the filing of a Return of Seizure, and issuance and filing of a Warrant of Attachment by the court; and then alleges:

(3) "That on the 9th day of November, 1937, the libelees, Wm. G. Wooras and Nick Kougelas, at and within the premises hereinbefore described, *did then and there wilfully, wrongfully and unlawfully have in their possession and custody and within their control certain goods, wares and merchandise, to wit: whiskey, an alcoholic beverage, which said acoholic beverages were then and there in the possession, custody and control of said libelees for the purpose of being sold, bartered and given away in violation of the Liquor Control Act, Chapter 43, Laws of Utah, 1935, as amended by the Laws of Utah, 1937;* that said property described in paragraph one hereof, at the time of and prior to said seizure was in the place and building where said alcoholic beverages were kept and found and in the possession of and in the custody and control of said libelees, and was owned and kept by said libelees for the purpose of being used, and was at all the times herein mentioned so used, in connection with the violation of the Liquor Control Act, to wit: selling alcoholic beverages contrary to the provisions of the Statutes of the State of Utah, in such cases made and provided and against the peace and dignity of the State of Utah." (Italics added.)

(4) And that by reason thereof the goods were subject to forfeiture. Upon the trial it was conceded by the parties and the court that the Return of Seizure was to be considered a part of the information. The return contained three allegations or statements of fact not found in the information proper: that on November 9th, libelee Kougelas at the Grill Buffet had sold and served to Broomhead one straight drink of whisky; that Wooras and Kougelas, libelees, had been thereafter and on said date arrested; and

"7. That one of the businesses conducted in the premises hereinabove referred to and where the violation of the Liquor Control Act of Utah as hereinabove specified occurred, was the business of selling intoxicating liquors in violation of Chapter 43, Laws of Utah, 1935, as amended. And that upon the happening of said violation as hereinabove specified affiant seized all tangible personal property as herein described, and affiant now has the same under control at said premises."

The court took the view of the libelees, that the charge was *only* that they had sold *one drink* of whisky, and one sale was insufficient to justify a seizure and confiscation of the property. The information itself contains no allegations of sales and the return alleges only the one sale on November 9 to Broomhead. But the gist of the information, as shown by the italics in the paragraph quoted above, is *"the possession, custody and control"* of alcoholic beverages *"for the purpose of being sold,* bartered and given away in violation of law," and that the property was used in furtherance of such *possession, purpose, and selling.* That the possession of intoxicating liquors, for purpose of sale, except by one duly authorized by the State is a violation of the Act cannot be doubted. Section 114 reads:

"It shall be unlawful for any person * * * to expose, or keep for sale * * * any * * * alcoholic beverage * * *."

A penalty is provided in Section 149. Section 164 provides for seizure of "liquors kept for the purpose of selling." The libel was not found upon the fact of the sale of one drink

to Broomhead but was bottomed upon the wrongful and unlawful possession of intoxicating liquor for the purpose of sale, and that the property is subjected to confiscation because used in furtherance of such unlawful possession and purpose.

Such being the theory, the basis, and the gravamen of the action was proof of sales relevant and material? The mere possession of liquor not bearing state seals is unlawful, but if bearing state liquor seals or stamps possession is not unlawful unless coupled with an unlawful *purpose* such as for sale or barter. The most direct evidence of the purpose with which a thing is kept is the use made ■ of it. And proof of sales, one or many, is clearly relevant and material in establishing the purpose for which the liquor was kept or possessed. *Hayes* v. *State,* 36 Ga. App. 668, 137 S. E. 860; *People* v. *Jones,* 343 Ill. 291, 175 N. E. 414; *State* v. *Marlowe,* 156 S. C. 363, 153 S. E. 340. The evidence of sales of liquor was therefore proper, relevant, and material as tending to show the purpose with which the liquor was kept or possessed, and the trial court was in error in excluding it. Question one is therefore resolved in favor of libelant.

2. Were then the pleadings and proceeding which culminated in the action sufficient to vest the court with power to confiscate the property seized? On the record before us there is no dispute of the fact that on November 9, libelees had in their possession at the Grill Buffet a bottle containing whisky, and that Kougelas sold and served one drink thereof to Broomhead. The fact of the possession of liquor at the Grill Buffet must therefore be taken as proved on the record. One sale is not disputed, and we are not prepared to say that one sale is not sufficient to show the purpose with which the bottle was kept. The libelant offered to prove two other sales on the 9th, two sales on the 8th, some on the 6th and 7th, and some at a prior time to further prove purpose, which the court erroneously excluded. The trial court upheld the contentions of libelees: (first) that one sale was

insufficient to justify confiscation; and (second) that the seizure was unlawfully made: (a) in that the offenders were not first arrested; (b) that no liquor was seized at the time of seizure of the other property; and (c) that there was no probable cause for the seizure in that there was *no reason to believe* that the property was being used in violation of law. As to the first ground it is sufficient to say that libelant offered to prove many sales, which evidence was excluded at libelees' request. They cannot now be heard to complain of its absence. In discussing the first question we have held such evidence should have been received and the argument of one sale is therefore without avail. We may add, however, that we find nothing in the statute and no authorities indicating that one violation is not sufficient upon which to base a confiscation of personal property.

As to the second proposition: mind that libel proceedings are essentially in rem against the property and not against the claimants or owners. Said the Kansas Court in *State* v. *McManus*, 65 Kan. 720, 70 P. 700, 701:

> "By the plain and unmistakable provisions of these sections the property so kept and used is tried in a proceeding in rem, regardless of whether there has been an arrest or conviction of the person charged with maintaining such place. This is the practice in the courts of the United States where goods have been forfeited for the nonpayment of customs revenues. *Origet* v. *U. S.*, 125 U. S. 240, 8 S. Ct. 846, 31 L. Ed. 743."

To the same effect see: *United States* v. *One Ox-5 American Eagle Airplane No. 5571*, D. C., 38 F. 2d 106; *Forgan* v. *State*, 91 Ind. App. 604, 172 N. E. 196; *State* v. *One Certain Ford Coupe Automobile*, 205 Iowa 597, 218 N. W. 346; *Commonwealth* v. *Certain Confiscated Liquors*, 91 Pa. Super. 165; *General Motors Acceptance Corporation* v. *U. S.*, 4 Cir., 23 F. 2d 799. In *Harwood* v. *State*, 29 Ga. App. 464, 116 S. E. 211, the court held that the action to confiscate an automobile survived the death of the owner. From the syllabus we quote:

"Yet, fundamentally, 'the proceeding authorized by section 20 of the (Georgia) act in question is one in rem, "against the offending thing, and not against the offending owner." ' *Mack* v. *Westbrook*, 148 Ga. 690 (2), 697, 98 S. E. 339, 343; 12 R. C. L. 130. And while the statute provides that after a defense has been filed 'the cause shall proceed as other civil cases,' yet where the finding is adverse to the owner, the judgment is in no sense in personam, but only the property is condemned and sold and the proceeds subjected, so that the costs of court and the expenses incurred are not collectible by personal judgment and execution against the owner, but are paid from such proceeds. The proceeding not being in personam, the court did not err in holding that it survived the death of the owner, and the condemnation properly proceeded against the property. See, also, *State* v. *Killens*, 149 Ga. 735, 736, 101 S. E. 911; *Rowland* v. *Morris*, 152 Ga. 842, 111 S. E. 389, 391."

In the case of *State* v. *One 1921 Cadillac Touring Car*, 157 Minn. 138, 195 N. W. 778, the automobile used in transportation of liquor was found wrecked by the road side, the owner having been killed in the accident. However, his helper was arrested later on, charged and found guilty. The court held that the action to confiscate and forfeit the automobile and liquor brought under statutes similar to ours was an action in rem not affected by the death of the owner although the statute required the arrest and charge of the owner as one of the conditions authorizing forfeiture. Our statute has two sections dealing with seizure of property used in violation of the Liquor Control Act. Section 164 has to do with seizure under a search warrant and Section 165 deals with seizure without search warrant. The former provides that the warrant shall command the officer serving the same, if he finds alcoholic beverages in unlawful possession or use, to arrest persons found therein and to seize all beverages, vessels, implements, furniture and fixtures used or kept for such illegal acts and keep the same, and make return thereof, and "if no person is found in possession * * * his return shall so state. Such officer shall securely keep all * * * things so seized by him until final action is had thereon." Such statements clearly show that the right to seize property un-

lawfully used is not dependent upon prior arrest of the offender. Section 165, dealing with seizure without a warrant, is perhaps immaterial here because the inspectors who made the seizure had a warrant. Section 165 authorizes an arrest without a warrant when the offense is committed in the presence of the officer. The section provides that the officer shall immediately take the person arrested before a court or judge having jurisdiction; and it also directs the officer to seize the property so unlawfully used and make proper return thereof.

(b) What are the conditions under which a seizure may be made? The right of seizure of property, or confiscation thereof, for violation of the liquor laws is statutory. It exists under and because of the State Liquor Act. We must look to that act for the right to seize or confiscate the property, the extent of such power, and the conditions under which it may be exercised. Those conditions are set forth in Sections 164 and 165 of the Act, referred to supra. The former section provides for the issuance of a search warrant by a justice of the peace, upon proper affidavit; that such warrant command,

"The officer to search thoroughly the place, and, *on finding* alcoholic beverages in unlawful possession or use, to (1) arrest persons found therein and bring them before the court or justice, (2) to seize such alcoholic beverages, with the vessels containing them, and all implements, furniture and fixtures used or kept for such illegal acts, and (3) to keep the same securely until final action is had thereon." (Italics and enumeration added.)

The language is plain and unambiguous. The officer is to thoroughly search the place for intoxicating liquors kept or used in any way or for any purpose in violation of law. If he finds no such liquors, his power and authority under the warrant terminates, and he can do no further acts under its protection or authority. When the search failed to reveal on the premises any intoxicating liquors used or kept in violation of law (here there were no intoxicating liquors at all found on

the premises during the search), the inspectors had accomplished all they were authorized to do by virtue of the search warrant, and their acts in furtherance of what they may have believed to be the enforcement of the law were in excess of their authority. A properly founded belief that intoxicating liquor is unlawfully kept or used on premises is a sufficient reason and justification for a search being made under warrant, but is not a sufficient reason or justification for a seizure. A seizure on the warrant can only be made upon *"finding alcoholic beverages in unlawful possession or use,"* that is to say a seizure under the warrant can only be made when liquor is found, under such circumstances or condition as may cause a reasonable mind to conclude or believe that it is being kept or used unlawfully, or for unlawful purposes. Here, no liquor having been found, the seizure of the personal property cannot be justified or upheld under the provisions of Section 164.

Is the seizure justified under the provisions of Section 165 of the Liquor Control Act, as amended by Chapter 49 Laws of Utah, 1937? That section provides ▮ that:

"When a violation of any provision of this act *shall occur in the presence of any inspector* * * * it shall be the duty *of such officer* without warrant [of arrest] to arrest the offender * * * and if *such arresting officer* [the one in whose presence the offense was committed] *has reason to believe that one of the businesses* conducted in the premise *where the violation occurred* was in violation of any of the provisions of this act he shall seize all tangible personal property. * * *" (Italics added.)

Under this section the seizure without a warrant may only be made by or under the immediate direction and control of an officer who could at that time and without a warrant lawfully have made an arrest. That is, the officer must be one (a) who personally witnessed a violation of the Act upon the premises; and (b) who has reason to believe that one of the businesses conducted in the premises is in violation of some provision of the Act. An officer without such

two qualifications cannot make a lawful seizure without a warrant. The violation, of which complaint is made in this action, is expressly stated by the statute to constitute a misdemeanor. Here a warrant of arrest had not been issued and the liquor violation upon which libelant based its claim for forfeiture of the property occurred at least an hour or an hour and a half before the arrest was made and had not been committed in the presence of the inspector who made the arrest nor was the inspector in whose presence the offense was committed even present in the building when the arrest was made. The meaning of "acts committed in the presence of the arresting officer" is not elastic but as a general proposition is limited to acts that are committed within the arresting officer's knowledge of them, such knowledge being obtained through his sight, hearing, or other senses, or by the offender's admission of the facts made before his arrest. In *Ingle* v. *Commonwealth*, 204 Ky. 518, 264 S. W. 1088, 1090, the court said:

"We have held in a number of cases, and it appears to be the law everywhere, that an offense, in order to be committed in the presence of the officer, need not occur immediately within his vision, but that if he receives the information of the commission of the offense through any of his senses, the most frequent of which is that of hearing uncommon and suspicious noises which he can readily locate, he is authorized to follow it up, and if it turns out that the offense was actually committed, it will be considered as having been committed in his presence for the purpose of authorizing him to arrest the offender without a warrant although the crime was only a misdemeanor; and if the arrest is then and there made *(but not later)*, it will be a valid one, and followed by all of the consequences of such an arrest. That being true, and there is no doubt concerning it since we would incorporate a long list of cases to that effect were it necessary, the officer would necessarily have the right, in determining whether or not an offense was being committed in his presence, to act upon all the facts and appearances then and there before him whether they in the aggregate were obtained by sight, by hearing, by smelling, or by any other of his dependable five senses." (Italics added.)

The same test as to the validity of an arrest by an officer without a warrant is applied in *Campbell* v. *Com.*, 203 Ky. 151, 261 S. W. 1107. Similarly, in *Elrod* v. *Moss*, 4 Cir., 278 F. 123, the court said that both under state and federal statutes authorizing arrests without warrants, to justify arrests made in such a manner, the officer must have direct personal knowledge, through his hearing, sight, or other sense of the commission of the crime by the accused. *Allen* v. *State*, 183 Wis. 323, 329, 197 N. W. 808, 39 A. L. R. 782; *State* v. *Pluth*, 157 Minn. 145, 195 N. W. 789; *Peru* v. *United States*, 8 Cir., 4 F. 2d 881; *State* v. *Lutz*, 85 W. Va. 330, 101 S. E. 434. Neither the arrest nor the seizure were made by nor even in the presence of an officer in whose presence an offense had been committed.

The statute, Section 165, Laws of Utah 1937, expressly provides for the seizure of the tangible personal property "\* \* \* if such *arresting officer* has reason to believe that one of the businesses conducted in the premise *where the violation occurred* was in violation of any of the provisions of this act. \* \* \*" (Italics added.) ▪ This authority given to the "arresting officer" to take control of the property involved is necessarily predicated upon a valid arrest by him, and a valid arrest in this instance, since the enforcement agent did not have a warrant of arrest, means an arrest by an officer for a violation of any provision of this act occurring *in the presence* of such inspector, sheriff, constable, or other person empowered by law to serve criminal process and who makes the arrest. Since the inspector who made this seizure could not make the arrest in the first place, he could not be an "arresting officer" within the purview of the statute and so could not seize the property with any semblance of authority for the act. It is evident therefore that there was no lawful seizure under the provisions of either Section 164 of the Liquor Control Act or Section 165 thereof, as amended.

Only one question remains. Can the Libellant maintain this action for confiscation of the property on the theory

that it was used in violation of the provisions of the Act, but without a lawful seizure thereof?

The jurisdiction of the courts to condemn or forfeit property is dependent upon statute, and the prescribed procedure is in general regarded as exclusive and in a sense jurisdictional. *United States* v. *Franzione,* 286 F. 769, 52 App. D. C. 307. All these proceedings are civil in their nature, and the res is proceeded against as a thing guilty, and is a party to the action. Other parties asserting an interest in the property which they wish to defend, may come into the action, set up their rights and have them determined. But the presence of such party claimants is not a requisite for the action to proceed. The action is libel commenced between the Liquor Control Commission, as plaintiff, and the property sought to be condemned or confiscated as defendant, with any claimants to the property in a position somewhat analogous to that of intervenors. It is elemental that before a court can lawfully determine any rights it must not only be a court empowered by law to determine such rights, but it must have acquired jurisdiction or control over the subject of the particular action, and of the parties thereto, by and in the methods recognized or prescribed by law. It acquires its jurisdiction of the plaintiff when he comes into court invoking its action. It acquires jurisdiction of the subject of the particular action by the filing of the sufficient complaint or other proper pleading or petition. And it acquires jurisdiction of the defendant or party other than plaintiff by the lawful service upon it of proper legal process or by its voluntary appearance in the action and submission to the court's jurisdiction over it. In libel actions for confiscation, where the proceeding is essentially against the property as such, the res itself must be brought before the court by and through such process as the law has decreed to place it within the power and control of the court.

"While the general rule in regard to jurisdiction in rem requires the actual seizure and possession of the res by the officer of the court,

such jurisdiction may be acquired by acts which are of equivalent import, and which stand for and represent the dominion of the court over the thing and, in effect, subject it to the control of the court." *Cooper* v. *Reynolds,* 10 Wall. 308, 316, 317, 19 L. Ed. 931.

And where there is no jurisdiction acquired the judgment is void. *Monroe* v. *Douglas,* 4 Sandf. Ch., N. Y., 126; *Cucullu* v. *Louisiana Ins. Co.,* 5 Mart., N. S., La., 464, 16 Am. Dec. 199.

Seizure is the initial step in proceeding against a thing. What arrest is, in a criminal prosecution against a person, seizure is, in a prosecution against a thing. What citation is, in a personal action, seizure is, in the "actio in rem," so far as it is notice to all interested. It is absolutely essential to the existence of the action, to the jurisdiction of the court, to the validity of the condemnation. *The Hibernia,* Fed. Cas. No. 6, 455, 1 Spr. 78; *La Jeune Eugenie,* Fed. Cas. No. 15, 551, 2 Mason 409; *The Moses Taylor,* 4 Wall. 411, 18 L. Ed. 397; *Parker* v. *Overman,* 18 How. 137, 140, 15 L. Ed. 318; *The Fideliter,* Fed. Cas. No. 4755, 1 Abb. U. S. 577.

Judge Story succinctly stated this proposition when he said:

"When property is seized and libeled as forfeited to the government the sole object of the suit is to ascertain whether the seizure be rightful and the forfeiture incurred or not."

Jurisdiction in rem requires the actual seizure and the possession of the res by the officer of the court. *Coffey* v. *United States,* 116 U. S. 436, 6 S. Ct. 437, 29 L. Ed. 684; *United States* v. *McKee,* Fed. Cas. No. 15, 688, 4 Dill. 128; *Thatcher* v. *Powell,* 6 Wheat. 119, 5 L. Ed. 221. The statute must be followed.

It is the property seized or levied upon over which the court obtains jurisdiction. *Cooper* v. *Reynolds,* supra, 10 Wall. 308, 19 L. Ed. 931; *Pennoyer* v. *Neff,* 95 U. S. 714, 723, 24 L. Ed. 565; Drake on Attach., Sec. 5, 449; *Lessee of Paine* v. *Mooreland,* 15 Ohio 435, 443, 45 Am. Dec. 585; *McKinney* v. *Collins,* 88 N. Y. 216.

As it is necessary to the jurisdiction of the court that it obtain the custody or control of the property, so it is necessary that it shall not, at any time, lose such custody or control.

"What, then, gives the court jurisdiction in a proceeding in attachment? The filing of the proper affidavit, issuing the writ, and attaching the property. The moment the writ goes into the hands of the officer, he is authorized and required to seize the property. When this is done, the property is taken out of the possession of the debtor into the custody of the law." *Lessee of Paine* v. *Mooreland*, 15 Ohio 435, 443, 45 Am. Dec. 585; n. Waples' Attach. 312.

Seizure of the property is necessary to give jurisdiction over it. *Lutz* v. *Kelly*, 47 Iowa 307, 309; Drake on Attach., secs. 436, 437; *Darrance* v. *Preston*, 18 Iowa 396.

Since the power or authority of the court to proceed is predicated upon a seizure which brings the property within the possession and control of the court, it follows as of course that such control and possession of the court must be a lawful one. A lawful possession of the property of another cannot be predicated or based upon an unlawful taking or acquiring of such possession. The seizure in this case being wrongful and unlawful, the court would have no jurisdiction to forfeit or confiscate the property, because the property was not in its lawful possession and control, so as to be subject to its orders and judgments of forfeiture.

The judgment of the trial court is affirmed. Cost to respondents.

MOFFAT, C. J., and WOLFE and McDONOUGH, JJ., concur.

PRATT, Justice.

I concur but wish to add this: If the property seized has but one use and that an illegal one, no one may claim it, as no one has a property right in an illegal thing—under such circumstances the invalidity of the process of seizure is immaterial. If any of the property seized in this case is of that class, then it should not be returned.