# UTAH LIQUOR CONTROL COMMISSION
## v. MANDELES et al.

No. 6227. Decided December 30, 1940.  (108 P. 2d 512.)

508

Parnell Black, D. Howe Moffat, and George H. Lunt, all of Salt Lake City, for appellant.

L. O. Thomas, of Salt Lake City, for respondents.

PRATT, Justice.

The District Court of the Third Judicial District of this State dismissed a libel of information filed by the Utah Liquor Control Commission against certain personal property seized in a barroom in Magna, Utah. The Commission has appealed the case. The respondents have not filed a brief in this court.

The property was seized pursuant to the provisions of Section 165 of the Liquor Control Act of this State, Laws 1935, c. 43, as amended by Laws 1937, c. 49. That section contemplates a seizure "when a violation of any provision of this act shall occur in the presence of" the officer. No warrant is then required. This section and Sec. 164 have been discussed in the recent decisions of *Utah Liquor Control Commission* v. *Wooras*, 97 Utah 351, 93 P. 2d 455; *Hemenway & Moser Co.* v. *Funk*, et al., ___. Utah _____, 106 P. 2d 779.

The District Court in the present case held that the violation did not occur in the presence of the officer. That holding is questioned by this appeal.

. The facts are these: An inspector and his assistants met near the barroom. Two buyers (two of the assistants) were sent into the place to purchase whiskey. They entered, made the purchase and gave a prearranged signal, upon which the inspector and his other assistants entered. The buyers were sitting in a booth with whiskey glasses before them in which was a dark fluid. One of the assistants picked up one of the glasses. The seated buyers and the act of the assistant were seen by the inspector. The proprietor of the place was standing near by. The inspector moved toward the back of the room. The proprietor followed with two glasses which he was about to rinse when the inspector examined them and smelled them. They smelled of whiskey. In searching the place a bottle of whiskey, with seal unbroken, was found. Beside the proprietor and the inspector and his assistants, there were only two other people in the barroom. Upon these facts and his knowledge of previous experiences in the barroom, the inspector seized the property in question.

There is no question about there having been an unlawful sale: There seems to be little or no question that the actual sale—that is, the offer, acceptance or delivery of any payment for the whiskey, occurred before the inspector entered the premises.

In the Wooras case cited above, we, in speaking of a violation in the presence of an officer, adopted this language from another case, *Ingle* v. *Commonwealth*, ██ 204 Ky. 518, 264 S. W. 1088:

"* * * the officer would necessarily have the right, in determining whether or not an offense was being committed in his presence, to act upon all the facts and appearances then and there before him whether they in the aggregate were obtained by sight, by hearing, by smelling, or by any other of his dependable five senses." [97 Utah 351, 93 P. 2d 460.]

It stands to reason that there is no requirement that the officer see all the legal details of the violation. Criminal offenses do not occur openly and with mechanical precision

as to the legal elements that go to make up those offenses. Thus to require that, in the case of a sale of liquor in violation of the Liquor Control Act, the officer must have first hand knowledge of each element of offer, acceptance or delivery, and payment, is to carry the matter to an absurdity. On the other hand, we must not overlook the fact that under the guise of a violation in his presence, the officer is not permitted to avoid the requirements of a search warrant in such cases as fall under Section 164 of the Liquor Control Act, Laws 1935, c. 43. What is the dividing line? Must the officer have been on the premises during the entire period of time required to consummate the violation; or may he rely upon appearances and decide that a violation has occurred in his presence when the acts in question which become evident to his senses create the inference that immediately prior to his entry upon the premises some of the details of the commission of the offense occurred?

6 C. J. S., Arrest, 581, 582, § 5b, states than an offense is committed in the presence of an officer when the officer receives knowledge of the commission of an offense in his presence "by inferences properly to be drawn from the testimony of the senses."

In the case of *Miles* v. *State*, 30 Okl. Cr. 302, 236 P. 57, 58, 44 A. L. R. 129, we find this statement:

"* * * An offense is committed in the presence of an officer, within the meaning of the statute authorizing an arrest without a warrant, only when he sees it with his own eyes or sees one or more of a series of acts constituting the offense, and is aided by his other senses. An offense is likewise deemed committed in the presence of the officer where the offense is continuing, or has not been fully consummated at the time the arrest is made."

In the annotation to 44 A. L. R. starting on page 135, are to be found numerous expressions of the rule that divides the right to arrest without warrant from the right to arrest only with a warrant. The same rule is applicable to property seizure under our Liquor Control Act.

From the citations above it is clear that if an officer becomes aware, through any of his five senses, of one or more details of the commission of an offense, and that detail or those details are of sufficient probative value to notify a reasonable person that an offense is being ■ committed in his presence, the officer may rely upon his knowledge so acquired, and, without a warrant, arrest the offender or seize the property as the case may demand. His right to make such an arrest or make such a seizure is not defeated by the fact that some of the details of the offense occurred before his arrival upon the scene.

Now as to the present case: Section 181 of the Liquor Control Act provides that proof of the consumption or intended consumption of liquor upon premises by someone not authorized to consume liquor thereon shall be evidence of a sale or a gift of the liquor in question; and also that to prove a sale of liquor, it is unnecessary to show that any money actually passed. It is sufficient to show that a consumption of liquor was about to take place. Thus by statute much may be inferred from the consumption or intended consumption of liquor. What facts, then, were before the inspector upon which he had the right to rely in order to determine that he had the right to seize the property without a warrant?

The offer, acceptance, or delivery and payment had occured before the inspector entered the premises. What he saw were certain acts which usually happen after a sale— consumption of liquor and an attempt to clean the glasses. These two alone might not be sufficient to ■ afford to a reasonable man grounds for believing that a sale had occurred in his presence; but if taken with the other facts of the case, and Section 181 upon the weight to be given the consumption or intended consumption of liquor, it is impossible to escape the conclusion that a sale had occurred in the presence of the officer. The other facts are these: The place was a barroom where patrons gathered for the purchase of refreshments of some kind; the buyers

sat in a booth provided for patrons to consume the refreshments; the inspector knew why the buyers had entered the place; the prearranged signal was given; liquor was in the glasses in front of the buyers; the empty glasses smelled like whiskey; and a bottle of whiskey was found on the premises. From the time of the meeting outside the premises by the inspector and his assistants to the time of the seizure of the property, it was for all intents and purpose one complete transaction or plan, part of which the inspector witnessed, part of which he did not, but practically all of which was carried out to schedule and pursuant to the inspector's own direction. The part seen by the inspector would naturally follow the unseen part had it been—as it was—a violation of the Liquor Control Act. The inspector had a right to use his reasoning powers based upon the knowledge he had of facts immediately before and facts immediately after the actual sale, and conclude that an unlawful sale had been made in his presence.

Judgement of the lower court is reversed. The case is remanded for further action consistent with this opinion. Costs to appellant.

MOFFAT, C. J., and WOLFE, LARSON, and McDON-OUGH, JJ., concur.