A. W. WENTZ, Commissioner of the State Highway Department, Plaintiff and Respondent,

v.

ONE WHITE 1952 DIESEL THREE-TON TRACTOR AND SEMI-TRAILER, License: N. Dak. 1956 T11-316, Defendant and Appellant.

No. 7780.

Supreme Court of North Dakota.

June 26, 1961.

Rehearing Denied Aug. 10, 1961.

Leslie R. Burgum, Atty. Gen., Vernon R. Pederson, Asst. Atty. Gen., Francis Breidenbach, Sp. Asst. Atty. Gen., and Erwin H. Brendel, State's Atty., Renville County, Mohall, for plaintiff and respondent.

Rausch & Chapman, Bismarck, for defendant and appellant.

MORRIS, Judge (On reassignment after reargument).

This proceeding was commenced by S. W. Thompson, Commissioner of the North Dakota State Highway Department. A. W. Wentz, his successor, was substituted as plaintiff by stipulation. Chapter 257, Session Laws N.D.1955 (Sections 39–12–11 to 39–12–22, inclusive, NDCC), according to its title provides for the impounding of any vehicle operated on any highway, street or road of this state at a weight in excess of weight limitations and for the recovery of charges for extraordinary use of the highways. Section 1 of the Act permits the impounding of vehicles carrying excessive weights. Section 2 requires the impounding officer to give the driver or person in charge a receipt for the vehicle and cargo. Section 3 requires notification of the owner, if he can be found, by wire or telephone, of the impoundment and the charges involved. Section 4 directs the highway commissioner, with the assistance of the attorney general or state's attorney, to immediately prepare and file a civil complaint for the purpose of recovering charges for the extraordinary use of the highways, streets or roads of the state. Section 5 requires that a copy of the complaint be served upon the driver or person in charge and a copy sent by registered mail to the owner if the address of the owner is known.

It is to be noted at this point that the Act provides for the filing of a civil complaint. It does not provide for the commencement of an action or the issuance of process or service thereof. The only place in the Act that an action is mentioned is in Section 7, which states that "At the trial of the action, the court shall hear testimony" and assess charges for the extraordinary use of the highways, streets or roads. The measure of the charges to be made is set forth on a poundage basis.

Section 6 of the Act provides that unless a cash bond is furnished in an amount sufficient to cover the charges, the vehicle shall be held until a trial of the case before the district court. Section 8 requires that if the charges and costs are not paid immediately (presumably after determination by the court) from the cash bond, the judge shall order the vehicle confiscated and sold by the sheriff at public sale and the proceeds applied to the payment of the charges and costs.

Section 10 directs that the balance of proceeds, after the payment of costs and charges, shall be paid over by the sheriff to the person entitled thereto as determined by the court or deposited with the clerk for such payment.

■■ The procedure thus provided by the Act is one in rem in which the highway commissioner may be termed plaintiff and the vehicle is both the res and the defendant. Hereafter when we refer to the defendant, we mean the vehicle. The impounding of the vehicle is the equivalent of process and gives the court jurisdiction

of the res upon the filing of a complaint as provided in Section 4. Under the provisions of the Act, the vehicle must remain impounded until a cash bond is furnished. When such a bond is furnished, the vehicle is released from impoundment but the jurisdiction of the court continues over both the cash and the vehicle (see Section 8) even though the vehicle has been released. If the charges and costs are not paid out of the cash bond, the judge shall order the vehicle confiscated and sold and the proceeds of sale disposed of as provided in the Act.

In the case before us a summons was issued on February 23, 1956, entitled in the District Court of Renville County, showing the highway commissioner as plaintiff and a specifically described motor vehicle as defendant. It directed the defendant to answer the attached complaint within thirty days. The summons was in statutory form and had attached to it a complaint which alleged, among other things:

"That the defendant vehicle was moved upon a public highway in this state at approximately the following time and place: At 3:30 P.M. on February 21, 1956, three miles south of Sherwood, Renville County, North Dakota, on Highway 28."

The complaint also stated that the vehicle was impounded and was held subject to the order of the court. The prayer for relief asked for charges in the sum of $872.40, storage and costs, and for an order directing confiscation and sale of the vehicle. The sheriff's return shows that service was made on the defendant (vehicle) by leaving copies of the summons and complaint with Elden McLean, "owner of said truck," on February 23, 1956.

On March 23, 1956, the defendant, through its attorneys who signed as such, served an answer on the highway commissioner denying the allegations of the complaint and alleging that Chapter 257, Session Laws N.D.1955, was unconstitutional for certain specified reasons.

The record contains a document in the nature of a surety bond which, in the preamble, recites that a summons had been served "on the undersigned L & M Truck Service, Inc., * * * owner of the above described vehicle," and was being held to answer upon the complaint in the action against the vehicle and that the vehicle had been duly released. It is then stated:

"Now Therefore, we, L & M Truck Service, Inc., a corporation, as principal, and St. Paul-Mercury Indemnity Company, a Delaware corporation, 111 West 5th Street, St. Paul 2, Minnesota, as sureties, jointly and severally hereby undertake that the above named L & M Truck Service, Inc., a corporation, will appear and answer the Complaint in the above entitled action and will at all times hold itself amenable to the orders and process of the above entitled Court, and if judgment be taken against it will perform the said judgment and that they will pay to the State of North Dakota the sum of One Thousand Dollars ($1,000) or such lesser amount as may be awarded in said judgment."

The document is executed by L & M Truck Service, Inc. and a surety company. It was filed in the office of the clerk of the district court on March 12, 1956.

The record does not disclose any appearance by the L & M Truck Service, Inc. other than the recitals of the bond or any service upon or admission of service by it, nor does there appear to have been made any order of the court either directing or allowing appearance by L & M.

On April 25, 1957, attorneys for the plaintiff and the defendant entered into a stipulation which established that L & M Truck Service, Inc. was the owner of the vehicle in question, that it was operated on State Highway No. 28 for a distance of approximately two miles with overload

of 14,530 pounds, and which stipulation also provided:

"That said vehicle was impounded and detained at the place where it was stopped, where the vehicle remained for several days and until a bond in the amount of $872.40 was deposited with the Clerk of the District Court."

It is conceded by both parties that no cash bond was ever deposited.

Upon the trial of the case, a judgment was rendered which stated:

"It Is Ordered, Adjudged and Decreed that the Plaintiff have judgment against the Defendant in the amount of $872.40 plus the costs of the action, taxed at ten dollars, making the judgment in favor of said Plaintiff in the amount of $882.40, and that said Plaintiff is entitled to have the amount of such judgment paid from the bond posted with the Clerk of District Court."

The notice of appeal recites "That the defendant in the above-entitled action hereby appeals to the Supreme Court of the State of North Dakota from the judgment rendered and entered in said action on the 30th day of July, 1957, in favor of the plaintiff and against the defendant, * * *." The plaintiff stipulated a waiver of undertaking on appeal.

In People v. One 1940 Ford V-8 Coupe, 36 Cal.2d 471, 224 P.2d 677, 680, involving a forfeiture statute, the court said:

"In construing the statutory provisions a court is not authorized to insert qualifying provisions not included and may not rewrite the statute to conform to an assumed intention which does not appear from its language. The court is limited to the intention expressed."

See also Utah Liquor Control Commission v. Wooras, 97 Utah 351, 93 P.2d 455; United States v. Franzione, 52 App.D.C. 307, 286 F. 769; Vallerga v. Department of Alcoholic Beverage Control, 53 Cal.2d 313, 1 Cal.Rptr. 494, 347 P.2d 909.

██ It is urged on behalf of the defendant that the court in rendering judgment failed to follow the statute and that the judgment is void. As we have pointed out, this is a proceeding in rem. It is a proceeding that is purely statutory. The statute provides for certain procedures, and these procedures must be followed by impounding officers and by the court. A comparison between the judgment and the authority vested in the court by Section 8 of the Act clearly demonstrates that the court was not authorized to render such a judgment. At the time the judgment was rendered no cash bond had been previously posted nor was the vehicle in the custody of the court. It had long since been released from impoundment. No order had been made for its confiscation and sale by the sheriff and the judgment contains no such provision. The judgment is in the form of a money judgment against the vehicle with the further provision that the plaintiff was entitled to have it "paid from the bond posted to release the truck." The bond was not authorized by the statute. It provides that if judgment be taken against L & M Truck Service, Inc., "It will perform the said judgment and that they will pay the State of North Dakota the sum of One Thousand Dollars ($1,000) or such lesser amount as may be awarded in said judgment." No judgment was rendered against L & M Truck Service, Inc. The inescapable conclusion is that the judgment is wholly void, for lack of authority to render it, both as a money judgment against the motor vehicle defendant and as an order directing the payment from the bond.

The judgment is reversed and the proceeding dismissed.

STRUTZ and BURKE, JJ., concur.

TEIGEN, Judge (concurring in part and dissenting in part).

I concur with most of what was said in the majority opinion; however, I disagree with a part of the result. The majority opinion contains an accurate and orderly synopsis of the pertinent parts of the statutory act in question. I agree with the construction of the law as set forth in the memorandum. I agree that the procedure provided by the statutes is one in rem in which the highway commissioner may be the plaintiff and the vehicle is both the res and the defendant. The proceeding was commenced in accordance with the terms of the statute. The vehicle was impounded and this was followed by the preparation and filing of a civil complaint for the purpose of recovering charges for the extraordinary use of the highway. A copy of the complaint was served upon the driver or person in charge of the vehicle, and a copy was also served upon the owner of the vehicle. The court's jurisdiction was complete. It had possession of the res and the service of the complaint had been made upon the persons designated by the statute.

I agree that under the provisions of the statute the vehicle must remain impounded until a cash bond is furnished. The statute makes no provision for a surety or a personal bond. However, the record does contain a document in the nature of a surety bond, the salient parts of which are set forth in the majority opinion. The record discloses no other appearance by the principal named in the bond, L & M Truck Service, Inc., nor does the record contain an order of the court approving or accepting the bond, or authorizing or ordering the release of the impounded res. The principal named in the bond was not substituted nor impleaded as a party to the proceeding and it makes no further appearance in the proceeding whatsoever.

Subsequent to the filing of the bond, the defendant, which is the res, by and through its attorneys, answered the plaintiff's complaint. Through its attorneys the res also stipulated the facts and that the matter could be presented to the court upon the pleadings and the stipulation, and without a hearing in open court. The matter was thus presented. The parties filed their briefs and the court made its decision.

In the complaint the plaintiff prayed for a money judgment in a specific amount and for an order of the court directing the confiscation and sale of the vehicle. By its stipulation the defendant admitted it had traveled upon the highway, as described in the complaint, at a weight in excess of the legal limit by 14,530 pounds. It also stipulated that it had been impounded. By its admission of facts in the form of the stipulation, it admitted all of the necessary allegations of the complaint to subject it to a charge for the extraordinary use of the highway.

Using the schedule of charges set forth in the statute, there remained only the application of simple arithmetic to determine the amount. The court made this simple computation and ordered judgment to be entered against the defendant vehicle in the amount of $872.40, plus costs. In that manner it assessed the charges for the extraordinary use of the highway. The court, however, did not order the confiscation and sale of the vehicle, although this is prayed for in the complaint.

The court also ordered "that said Plaintiff is entitled to have the amount of such judgment paid from the bond posted with the Clerk of District Court." The court had concluded that plaintiff was entitled to have the judgment rendered against the defendant vehicle paid from the bond, which had been posted by its owner, the L & M Truck Service. This bond was in the form of a surety bond. The court overlooked the provision in the act providing only for cash bond and that the surety bond filed was not the bond of the defendant vehicle. The court had no jurisdiction over the principal named in the surety bond as it was not a

party to the proceeding. That part of the judgment providing that the judgment shall be paid from the bond posted is void. This should not necessarily result in making void that part of the judgment assessing the charges and costs against the defendant vehicle for the extraordinary use of the highway. The court by its judgment did not provide for a release of the res. It specifically ordered judgment against the res for the amount assessed. This was followed by entry of judgment against the res in the proper amount.

I feel that the judgment is valid as an assessment of the charges. I feel the court, upon discovering its error and impropriety, may order the confiscation intended by the statutes and also order the sale of the vehicle, the proceeds to be applied to the payment of the charges and costs assessed under the provisions of the law.

The defendant vehicle appealed to this court from the judgment. L & M Truck Service has not appealed. They are not parties to the action.

The defendant vehicle did not appear specially to move for dismissal on the ground that the court had lost jurisdiction over it. Special appearance was necessary for this purpose as it occurred before the adoption of the North Dakota Rules of Civil Procedure. The defendant vehicle's part throughout the proceeding was consistent with the proposition that the court had jurisdiction over it.

This is a proceeding in rem, and jurisdiction is dependent upon possession of the res. Jurisdiction was acquired by a valid seizure and actual control of the res. Jurisdiction should not be destroyed by an improper removal of the res, or by a delivery to a third party of the res upon an unauthorized security, and without the order of the court and contrary to the provisions of the statutes.

The act involved appears to have no predecessor in statutory civil law. However, the distinguishing and characteristic feature of admiralty jurisprudence is that the suit is in rem. It is a mode of proceeding that had its origin in civil law. 1 Am. Jur., Admiralty, Sec. 13.

In admiralty, the vessel or thing proceeded against is seized and impleaded as the defendant, and is judged and sentenced accordingly. 1 Am.Jur., Admiralty, Sec. 82.

In admiralty, when jurisdiction is acquired by a valid seizure, actual control of the res is not destroyed by an improper removal of the res, or a delivery to the party upon security, or upon an order in violation of statute. 1 Am.Jur., Admiralty, Sec. 83; 2 C.J.S. Admiralty § 49b and § 55.

The statutory provisions under consideration in this case appear obviously to be premised on similar legal theory as the admiralty statutes. Therefore, it would appear proper in this case to apply the theory of law applied to admiralty statutes by the admiralty courts. The nature of the res, vessels as compared with trucks, is similar. Both move from place to place with great freedom, from one jurisdiction to another, appear and depart to and from various jurisdictions without the presence of their owners, and both serve the purpose of transporting property and persons. They provide a means of transportation appertaining to travel or trade and commerce on land.

Because the court had not lost jurisdiction of the res, it continues to have jurisdiction in rem. It is true the judgment does not provide for the confiscation and sale of the vehicle as directed by the act, but this omission on the part of the court can be corrected on this appeal, the case being before us for trial de novo. The lower court has assessed the charges and the costs correctly.

I feel, therefore, the judgment of the district court should be modified to provide for the confiscation and sale of the defendant vehicle by the sheriff of the county at

a public sale to the highest bidder and the proceeds applied to the payment of the charges and costs adjudged, unless the same is paid immediately in cash as is provided in Section 8 of Chapter 257 of the Session Laws of North Dakota for 1955.

SATHRE, C. J., concurs.