STATE of North Dakota, Plaintiff
and Appellee,

v.

Keith BACKER, Defendant
and Appellant.

Civ. No. 10264.

Supreme Court of North Dakota.

March 3, 1983.

John J. Mahoney, State's Atty., Center, for plaintiff and appellee State of North Dakota; submitted on brief.

Robert P. Brady, Bismarck, for defendant and appellant; submitted on brief.

VANDE WALLE, Justice.

Keith Backer has appealed from an order for confiscation issued by the district court of Oliver County ordering the sale of Backer's vehicle which had been used in violation of Title 20.1 of the North Dakota Century Code. We affirm.

Keith Backer is the registered owner of a 1973 GMC four-wheel-drive vehicle, North Dakota License No. AAP 210, which was confiscated and ordered sold for having been used in violation of Title 20.1 of the North Dakota Century Code. In addition to finding that the 1973 GMC vehicle had been used in violation of various provisions of Title 20.1 within six months prior to the time it was seized,[1] the district court[2] found Backer to be the "alleged offender" within the provisions of Section 20.1–10–01, N.D.C.C.

Backer does not argue that the district court erred in finding that the vehicle was used in violation of Title 20.1. However, Backer contends that Section 20.1–10–01,

N.D.C.C., which provides in part that when property is confiscated the alleged offender shall be brought before a court of competent jurisdiction for the purpose of determining disposition, requires that some person must be charged with a violation of the game and fish laws before in rem jurisdiction over the confiscated property can be acquired. Because no person was formally charged with a violation of Title 20.1, Backer contends the district court did not acquire jurisdiction over the confiscated vehicle and could not order its sale.

Backer states the issue on appeal as follows:

"Whether a vehicle may be confiscated and sold by the State Game and Fish Department pursuant to the provisions of Chapter 20.1–10 of the North Dakota Century Code for the reason that it was unlawfully used in the taking of a wild animal, if no person is ever charged, arrested, prosecuted or convicted of any violation of the game and fish laws in connection with the use of that vehicle."

Backer argues that because the words "alleged wrongdoer" and "alleged offender" are used in Section 20.1–10–01, N.D.C.C., instead of the word "owner," the Legislature intended that a court must obtain something more than in rem jurisdiction over a confiscated vehicle before ordering its sale. Backer asserts that a court cannot proceed in rem to order the sale of a confiscated vehicle under Section 20.1–10–03 until it has obtained in personam jurisdiction over an alleged offender. Backer apparently contends that he cannot be the alleged offender under Section 20.1–10–01, N.D.C.C., unless he is first formally charged with a violation of Title 20.1.

---

1. The district court found that the following offenses occurred with the use of the 1973 GMC vehicle:

"Hunting a Protected Animal Between Actual Sunset of One Day and Sunrise of the Next Day in violation of NDCC 20.1–01–10, Hunting with Artificial Light in violation of NDCC 20.1–01–08, and Hunting or pursuing Game Upon the Premises of Another Within 440

Yards of an Occupied Building, Without Consent of the Person Occupying Such Building, in violation of NDCC 20.1–01–21; ..."

2. Because the value of the confiscated property exceeded the jurisdictional limitation of the county justice court, the matter was removed to district court for determination, in accordance with the provisions of Section 20.1–10–01, N.D.C.C.

The provisions for forfeiture are wholly statutory.[3] Neither Section 20.1–10–01 nor Section 20.1–10–03, N.D.C.C., requires that an alleged offender be charged with a violation of Title 20.1 as a prerequisite to the confiscation and sale of property used in violation of Title 20.1.[4] The fact the words "alleged offender" and "alleged wrongdoer" are used in Section 20.1–10–01 rather than the word "owner" indicates the Legislature realized that the alleged offender and the owner may not be the same person. Section 20–10–01, N.D.C.C., the statute from which Section 20.1–10–01 was derived, required that "the person possessing or transporting" confiscated property be brought before a court of competent jurisdiction for the purpose of determining disposition of the property. Ch. 168, § 1, 1951 N.D.Sess.Laws, repealed by Ch. 202, § 22, 1973 N.D.Sess.Laws. Bringing the "alleged offender" before the court for the purpose of determining disposition of confiscated property ensures that an individual with a sufficient nexus to the alleged offense is given an opportunity to be heard prior to the disposition of the unlawfully used property.

The procedure provided by Chapter 20.1–10, N.D.C.C., for the confiscation and sale of a vehicle used in violation of Title 20.1 is one in rem in which the vehicle is both the res and the defendant.[5] Juris-

3. For a general discussion of forfeiture under Federal statutes, see 58 N.D.L.Rev. 823 (1982).

4. Sections 20.1–10–01 and 20.1–10–03 provide:
   "20.1–10–01. *Property unlawfully taken, transported, or used to be confiscated by certain game and fish officials—Procedure.*—The commissioner, deputy commissioner, or any bonded game warden shall seize all wild birds, wild animals, or fish, or any part thereof, taken, killed, or possessed, or transported contrary to law, and shall seize all dogs, guns, seines, nets, boats, lights, automobiles, vehicles, instrumentalities, appliances, and devices unlawfully used, or held with intent to be unlawfully used, in pursuing, taking, or attempting to take, concealing, or disposing of wild birds, wild animals, or fish, or any part thereof. All property so seized shall be held subject to the order of a court of competent jurisdiction. When property is confiscated, the confiscating officer shall bring the alleged offender before a court of competent jurisdiction for the purpose of determining disposition. However, if the court having nominal jurisdiction over the alleged wrongdoer determines that the value of the confiscated property exceeds the court's jurisdictional limitations, the matter may, upon the motion of either party, be removed to district court for determination. In event the alleged offender desires an attorney, a reasonable time shall be given to secure counsel. If it is not feasible to bring the alleged offender immediately before the court, the property shall not be seized or confiscated if the alleged offender gives a receipt to the officer assuring delivery before the court when the matter comes up. The receipt shall contain the provisions of this section to advise the alleged offender of the law."
   "20.1–10–03. *Confiscated property—Courts having jurisdiction—When it may be sold.*—A court having jurisdiction of an alleged offense against this title may order the sale of all birds, animals, or fish, or any part thereof, or other property which has been confiscated. This order may be entered only after a hearing duly had upon proper notice to the owner and after due and proper finding by the court that the property:
   "1. Was taken, killed, possessed, or being transported contrary to law by the person from whom it was seized.
   "2. Was being used in violation of this title at the time it was seized.
   "3. Had been used in violation of this title within six months previous to the time it was seized."

5. Although the confiscated vehicle was not named as the defendant in the title to this action, we nevertheless conclude that the action for the confiscation and sale of Backer's vehicle pursuant to the provisions of Chapter 20.1–10, N.D.C.C., was a proceeding in rem. There is no indication in the record that Backer objected to being named individually as the defendant in this in rem proceeding and this issue is not raised on appeal.
   Rule 17(a), N.D.R.Civ.P., provides that every action shall be prosecuted in the name of the real party in interest. However, no action can be dismissed on the ground that it is not prosecuted in the name of the real party in interest unless an objection is made. Although in the instant case the confiscated vehicle was the real defendant in interest, because Backer did not object to being named individually as the defendant he is deemed to have ratified the use of his name in place of the name of the confiscated vehicle, and therefore the action could properly proceed and have the same effect as if it had been commenced in the name of the real party in interest.

diction over property confiscated pursuant to Chapter 20.1–10, N.D.C.C., is obtained in much the same manner as jurisdiction over a motor vehicle impounded under Chapter 39–12, N.D.C.C. See *State ex rel. Hjelle v. A Motor Vehicle, Etc.,* 299 N.W.2d 557 (N.D.1980); *Wentz v. One White 1952 Diesel Three-Ton Tractor,* 110 N.W.2d 178 (N.D.1961). The confiscation of the property, or the issuance of a receipt assuring delivery before the court, pursuant to Section 20.1–10–01, N.D.C.C., is the equivalent of process and gives a court having jurisdiction of an alleged offense against Title 20.1 jurisdiction of the res.

 The requirement that the alleged offender be brought before the court for the purpose of determining disposition is not a prerequisite to the court's obtaining in rem jurisdiction over the confiscated property, although it may be a prerequisite to the court-ordered sale of the property. Nevertheless, this requirement is satisfied in the instant case because the district court found Backer to be the alleged offender in accordance with Section 20.1–10–01, N.D.C.C. This finding was based on the testimony of law-enforcement officers at the confiscation hearing that Backer had been seen hunting in the general vicinity where the alleged violation occurred on certain days prior to the incident in question and that he had been driving a vehicle like the one confiscated. In light of this testimony, the finding of the district court that Backer was the alleged offender in this incident is not clearly erroneous and will not be disturbed on appeal. Rule 52(a), N.D.R.Civ.P.

Before a confiscated vehicle may be sold under Section 20.1–10–03, N.D.C.C., the owner must be given notice and an opportunity to be heard at a disposition hearing and the court must find that the confiscated property was used or possessed unlawfully. Backer was given notice and was afforded a hearing. The district court found that the vehicle had been used in violation of Title 20.1 within six months previous to the time it was seized and ordered that the vehicle be sold.

Backer does not assert that the requirements of Section 20.1–10–03 were not complied with. Backer concedes that the vehicle was used in violation of Title 20.1 and does not contest the findings of the court in that regard on appeal. We believe the district court, having jurisdiction over the confiscated property and over the alleged offense, and having complied with the requirements of Sections 20.1–10–01 and 20.1–10–03, N.D.C.C., could properly order the sale of Backer's vehicle in the instant case.

For the reasons stated, the order of the district court is affirmed.

ERICKSTAD, C.J., and PEDERSON, PAULSON and SAND, JJ., concur.