STATE of North Dakota, Plaintiff and Appellee,

v.

William L. FALCONER, Defendant and Appellant.

STATE of North Dakota, Plaintiff and Appellee,

v.

Harry M. FALCONER, Defendant and Appellant.

STATE of North Dakota, Plaintiff and Appellee,

v.

Eugene D. CLOOTEN, Defendant and Appellant.

Crim. Nos. 880028–880030.

Supreme Court of North Dakota.

July 19, 1988.

Evans & Moench, Ltd., Bismarck, for defendants and appellants; argued by E.J. Rose.

Bruce B. Haskell (argued), Bismarck, for plaintiff and appellee.

ERICKSTAD, Chief Justice.

Defendants William L. Falconer, Harry M. Falconer, and Eugene B. Clooten each

appeal from their judgments of conviction for illegal possession and transportation of "big game."[1] We affirm.

On the morning of November 10, 1987, the Burleigh County Sheriff's Office received a report that shots had been fired in the "Briardale" area south of Bismarck, North Dakota. The Sheriff's Office investigated the call with the assistance of a district game warden. The game warden observed the defendants drive into a field and lift a heavy object into a pickup truck.

The district game warden stopped the three defendants in the pickup south of Bismarck. Underneath several sheets of plywood was a white-tailed deer. The deer did not bear a tag as required by section 20.1–05–02, N.D.C.C., and a gubernatorial proclamation which states that "[i]n no case shall it be legal to possess a deer unless it is properly tagged in the manner and form prescribed by the game and fish commissioner and in accordance with law."[2]

▇ The defendants raise four issues, the first three of which relate to whether or not the defendants may be criminally liable for possession and transportation of a deer carcass even though "[n]o criminal intent or purpose was alleged."[3] We con-

---

1. Big game is defined at § 20.1–01–02(3), N.D.C.C.:

    "20.1–01–02(3). *Definitions.* In this title, unless the context or subject matter otherwise requires:

    \*   \*   \*   \*   \*   \*

    "3. 'Big game' shall include deer, moose, elk, bighorn sheep, mountain goats, and antelope."

2. Section 20.1–05–02, N.D.C.C., reads:

    "20.1–05–02. *Big game animals protected.*— No person shall hunt, harass, chase, pursue, take, attempt to take, possess, transport, ship, convey by common or private carrier, sell, barter, or exchange any big game animal except as provided in this title."

    Section 20.1–08–01, N.D.C.C., gives the gubernatorial proclamation the force of law. It reads:

    "20.1–08–01. *Orders and proclamations have force of law—Penalty.* Any order or proclamation issued by the governor pursuant to this chapter has the force of law. Any person who violates a provision of such order or proclamation for which a noncriminal pen-

alty is not provided for in the order of proclamation is guilty of a class B misdemeanor. The maximum noncriminal penalty that may be set in an order or proclamation is a fine of two hundred fifty dollars."

3. With respect to defendants Harry M. Falconer and Eugene Clooten, counsel suggests they were "mere passengers." Counsel explains: "[a]ll [the defendants] were doing was removing [the deer] from the corn field belonging to William Falconer. No criminal intent or purpose was alleged.... All they were doing was attempting to protect the corn field of the defendant, William Falconer."

    Counsel also argues that there should be an exception for a farmer who finds a dead deer in his or her field. We find no exception in Title 20.1. However, § 20.1–03–04, N.D.C.C., allows a North Dakota resident and the resident's family members to hunt "small game, fish, or trap during the open season without a license upon land owned or leased by [the resident]." This exception does not include "big game" such as deer.

clude the defendants' intent is not relevant for purposes of criminal liability under section 20.1–05–02, N.D.C.C.

Because this offense is not within Title 12.1, N.D.C.C., and no level of culpability is specified, we conclude the offense is a strict liability offense. *See State v. Bohl,* 317 N.W.2d 790, 793 (N.D.1982); *State v. McDowell,* 312 N.W.2d 301, 303 (N.D.1981); *State v. Goetz,* 312 N.W.2d 1, 11 (N.D.1981) (assuming for purposes of discussion only that the "willfully" mental state applies to offenses outside of Title 12.1, the definition of willfully in Title 12.1 does not imply "bad purpose or evil intent."); *State v. North Dakota Education Association,* 262 N.W.2d 731, 734 (N.D.1978); *City of Dickinson v. Mueller,* 261 N.W.2d 787, 789 (N.D.1977). Accordingly, the elements of the crime were complete when the defendants possessed and transported the dead deer without proper tag, irrespective of their intentions. This issue is affirmed pursuant to Rule 35.1(a)(7), N.D.R.App.P.

■ The defendants also contend the county court erred in ordering that the vehicle used in transporting the deer be "seized and disposed of. . . ." Defendants assert this order is erroneous because the owner of the vehicle, Doris Falconer, was not given notice as prescribed in section 20.1–10–03, N.D.C.C., which reads:

"*20.1–10–03. Confiscated property— Courts having jurisdiction—Requisites for disposition.* A court having jurisdiction of an alleged offense against this title may order the disposition of all birds, animals, or fish, or any part thereof, or other property that has been confiscated. *This order may be entered only after a hearing duly had upon proper notice to the owner and after due and proper finding by the court that the property:*

1. Was taken, killed, possessed, or being transported contrary to law by the person from whom it was seized.

2. Was being used in violation of this title at the time it was seized.

3. Had been used in violation of this title within six months previous to the time it was seized." [Emphasis added.]

Although we have grave doubts about defendants' ability to present the issue to this Court, we briefly consider the issue as the county court stayed its order pending this appeal.

Chapter 20.1–10 contemplates a two-step process. First, when the commissioner or an authorized agent of the commissoner "seizes" property used in violation of Title 20.1, section 20.1–10–01, N.D.C.C., requires the "confiscating officer" to bring the "alleged offender" before a court of competent jurisdiction. The court must then determine whether or not it has jurisdiction over the property and whether or not "confiscation" is appropriate. We said in *State v. Backer,* 331 N.W.2d 4, 7 (N.D.1983), that:

"The confiscation of the property, or the issuance of a receipt assuring delivery before the court, pursuant to Section 20.-1–10–01, N.D.C.C., is the equivalent of process and gives a court having jurisdiction of an alleged offense against Title 20.1 jurisdiction of the res."

Second, if the court determines it has jurisdiction and "confiscation" is appropriate, the court may order the "disposition" of confiscated property "only after a hearing duly had upon proper notice to the owner and after due and proper finding by the court that the property [was used in violation of Title 20.1 at the time it was seized]." § 20.1–10–03, N.D.C.C.; *State v. Backer, supra* at 7.

In this case the court ordered "disposition" of the property without giving notice to the owner. This was error but it may be corrected as the county court stayed its order disposing of the pickup. Defendants' judgments of conviction are affirmed.

GIERKE, VANDE WALLE and LEVINE, JJ., concur.

MESCHKE, J., concurs in the result.