UTAH LIQUOR CONTROL COMMISSION v. VATSIS et al.

No. 7067. Decided November 26, 1947. (186 P. 2d 975.)

Right to arrest without a warrant for unlawful possession or transportation of liquor, see note, 44 A. L. R. 132. See, also, 30 Am. Jur. 524.

*Ruggeri & Gibson,* of Price, for appellants.

*Glenn Y. Richards,* of Salt Lake City, for respondent.

WADE, Justice.

Tony Pallios and George Vatsis, libelees, appeal from a judgment confiscating certain personal property belonging to them.

The State Liquor Control Commission filed a libel of information against George Vatsis, Tony Pallios, Gus Saradakis, Leonard D. Davis, One National Cash Register, One Wurlitzer Music Box and others, etc., alleging insofar as we are concerned here that certain personal property was seized by one of its inspectors at a certain bar room operated by the libelees in Price, Utah. That Gus Saradakis, one of the libelees, had sold one pint of whiskey to one J. W. London, whereupon one Harley Heaton, the Liquor Control Commission inspector, arrested him for a violation of Sec. 46-0-237, U. C. A. 1943. That one of the businesses operated in said bar room was in violation of the Utah Liquor Control Act and that libelees operated a common nuisance therein by selling and keeping for sale whiskey, gin and other intoxicating liquors and allowing persons to resort to that place for the purpose of drinking intoxicating liquors in violation of Sec. 46-0-237, U. C. A. 1943, and that the maintenance of said nuisance was in violation of said section. That sales of such intoxicating liquors were made at that place on November 23, December 1, 8, 22 and 29, 1946.

Libelees denied that any violation of the Utah State Liquor Control Act occurred on the premises or that a common nuisance was maintained therein.

After trial before the court without a jury, the court made the following findings of fact:

"3. That on the 29th day of December, 1946, one of the Libelees, Gus Saradakis, sold intoxicating liquor, to wit: whiskey, on said premises, to an Inspector of the Utah Liquor Commission, J. W. London, which said whiskey was then and there paid for by said J. W. London.

"4. That thereafter the Libelees, Tony Pallios, Gus Saradakis and Leonard D. Davis were duly arrested by Hartley Heaton, an Inspector of the Utah Liquor Control Commission, and charged with a violation of 46-0-237, Utah Code Annotated, 1943. * * *

"6. That one of the businesses conducted upon and within said premises at said time was the business of selling intoxicating liquor in violation of 46-0-237, Utah Code Annotated, and permitting people to resort to said premises for the purpose of drinking alcoholic beverages in violation of said 46-0-237, Utah Code Annotated. That the tangible personal property which was so seized by said Harley Heaton at said time and in and upon said premises, was being used in and upon the premises as a part of and as an aid and inducement to the operation of said business on said premises, wherein the said violation of 46-0-237, Utah Code Annotated, 1943, occurred."

From these findings the court concluded that some of the property seized was subject to forfeiture and condemnation and decreed its sale.

Appellant libelees assign the court's conclusions of law and judgment thereon as errors because they are not supported by its findings of fact. They argue that from the findings of fact it does not appear that the offense for which the arrests were made without a warrant █ was committed in the presence of the arresting officer and therefore the seizure of the personal property was illegal and void since Sec. 46-0-207, U. C. A. 1943, provides that where a violation of the Liquor Control Act occurs in the presence of an inspector of the Liquor Control Commission or any other officer empowered to serve criminal process it shall be the duty of such officer to arrest the offender

"and if such arresting officer has reason to believe that one of the businesses conducted in the premise where the violation occurred was in violation of any of the provisions of this act he shall seize all tangible personal property in said premises   *   *   *."

A reading of the findings of fact reveal that appellant libelees are correct in their contention that it does not appear therefrom that the offense for which the arrests were made was committed in the presence of the arresting officer. The findings merely state that whiskey was sold on the premises to one J. W. London, an inspector of the Utah Liquor Control Commission, and that thereafter the libelees were arrested by one Harley Heaton, an inspector of the Utah Liquor Control Commission. Such findings indicate that the offense was committed in the presence of an inspector of the Utah Liquor Commission but he is not the same inspector who arrested the libelees; nor do they indicate the time that such arrests were made other than it was after the commission of the offense. They do not say whether the arresting officer was present at the time of the commission of the offense. Unless the offense was committed in the presence of the arresting officer the arrests under the facts shown in the findings of fact were illegal and the seizure of the property invalid. See *Utah Liquor Control Comm.* v. *Wooras et al.*, 97 Utah 351, 93 P. 2d 455.

Respondent argues, however, that the evidence introduced at the trial clearly shows that the offense was actually committed in the presence of the arresting officer whereupon the arrest was made by such officer as alleged in the Libel of Information, and the property seized.   ■
He further argues that the findings of fact do not affirmatively indicate that the offense was not committed in the presence of the arresting officer, but that through inadvertence the findings do not state affirmatively that the offense was committed in the presence of such officer. Whether or not the offense was committed in the presence of the officer who placed libelees under arrest is a material issue in this case. The district court has failed to make a

finding on that issue and it follows therefore that its findings of fact are insufficient to support its judgment. In view of the fact that this matter is here on the judgment roll it is impossible for this court to know whether the evidence presented sustained its judgment, it is therefore our opinion that this matter should be remanded to the court to make findings on all material issues which have been presented to it in this case, otherwise to grant a new trial.

Reversed and remanded with instructions to proceed according to the views expressed in this opinion. Costs to appellants.

McDONOUGH, C. J., and PRATT, WOLFE, and LATIMER, JJ., concur.