The STATE of Utah, Plaintiff and Appellant,

v.

**ONE 1983 PONTIAC (JOE ARAVE),** Defendant and Respondent.

No. 20575.

Supreme Court of Utah.

April 23, 1986.

David L. Wilkinson, Atty. Gen., Salt Lake City, Jeffrey R. Burbank, Logan, for plaintiff and appellant.

John T. Caine, Ogden, for defendant and respondent.

HOWE, Justice:

This is an appeal of the denial of a petition by the State for forfeiture of one 1983 Pontiac, owned by Joe Arave. The petition was based on the following facts. In August of 1984, Arave sold half a gram of cocaine to an undercover officer. The cocaine was transported in the Pontiac. In September of 1984, undercover officers again approached Arave and he produced one gram of cocaine from the interior of the Pontiac. Arave agreed to deliver it to the officers' house later that evening; there the officers purchased the cocaine from Arave for $75. The Pontiac was again used to transport the cocaine.

The State filed a petition for forfeiture under U.C.A., 1953, § 58-37-13(1), which provides for forfeiture of:

(b) [E]quipment of any kind used or intended for use, in ... delivering, importing, or exporting any controlled substance....

. . . .

(e) All conveyances including aircraft, vehicles or vessels used or intended for use, to transport, or in any manner facilitate the transportation, sale, receipt, possession, or concealment of property described in (1)(a) or (1)(b) of this section [controlled substance]....

The district court cited a combination of four factors in denying the petition:

1. The case was not set for hearing within twenty days of the filing of an answer to the petition as directed by U.C.A., 1953, § 58-37-13(9)(g).

2. The lack of indication of profit motive in the transactions and small amounts of drugs involved.

3. The question of possible equitable interests in the vehicle by other parties.

4. The value of the vehicle forfeited appeared to be disproportionate to the use that was made of the vehicle.

■ The fact that the hearing was not set within twenty days was clearly a factor the court could consider in disposing of the petition. Such statutory guidelines are provided to aid the court in the swift and economic administration of justice and to prevent possible prejudice to those whose rights in the vehicle are being determined. The hearing was not set until one hundred and thirteen days after the answer was filed. However, the record shows no evidence that the delay in any way prejudiced the rights of the parties involved.

The district judge, in referring to the failure to set a hearing within twenty days of the filing of an answer, stated "this may be jurisdictional, the court does not so hold since the court must have some control over its own calendar and this may be an impossibility." After stating that the court was free to hear the petition despite the extended hearing date, the judge gave no indication why the date of the hearing was a factor in his decision. If the delay causes no prejudice, the date of the hearing is not a factor that should influence its disposition.

Another reason given for the decision was the lack of indication of a profit motive in the transaction. Respondent seeks support for this proposition in *State v. One Porsche Two-door*, Utah, 526 P.2d 917 (1974), where this Court stated, "It appears obvious that the *primary* and *sole purpose* of the statute *and the intent of the legislature* were directed exclusively toward the *transportation* of a controlled substance for distribution according to erstwhile law merchant principles, and not for personal possession or consumption." (Emphasis original.)

■ We affirm that the major thrust of the statute is to strike at those involved in the trafficking of drugs, rather than at the individual whose possession is solely for his own consumption. However, we do not read section 58–37–13 to require a showing of a profit motive on the part of the person involved in the transportation and distribution of drugs; to the extent *One Porsche* is contrary it is overruled. The intent of the legislature in enacting section 58–37–13 was to discourage the manufacture, transportation, and distribution of illegal drugs in this state by allowing the forfeiture of any equipment, container, vehicle, or vessel used to facilitate the transportation, sale, receipt, possession, or concealment of contraband. This intent is clearly manifest from the language of the statute. When the language of the statute is plain and its meaning clear, there is no occasion to search for meaning beyond the statute itself. *In re Stevens Estate*, 102 Utah 255, 130 P.2d 85 (1942). The district judge in his memorandum decision conceded that the vehicle was used to transport drugs on two occasions, and that the drugs were then sold to undercover officers. These actions are clearly within the language and intent of the statute which allows the forfeiture of the vehicle. The consideration of the lack of profit motive was not warranted by the statute and was an improper basis for denial of the petition.

■ As for the small amount of drugs involved, "[t]he courts have uniformly held that a vehicle is subject to forfeiture no matter how small the quantity of contraband found." *United States v. One 1982 28' International Vessel*, 741 F.2d 1319, 1322 (11th Cir.1984); *One 1976 Porsche 911 S.*, 670 F.2d 810 (9th Cir.1979); *United States v. One 1975 Mercedes 280S*, 590 F.2d 196 (6th Cir.1978); *United States v. One 1957 Oldsmobile*, 256 F.2d 931 (5th Cir.1958); *Matter of One 1965 Ford Econoline Van*, 121 Ariz. 477, 591 P.2d 569 (1979); *Matter of 1972 Chevrolet Monte Carlo*, 117 Ariz. 461, 573 P.2d 535 (1977).

The possible interests of others in the vehicle have been adequately protected by the legislature and should not have been relied upon by the district court as a basis for denial of the petition. All persons having claims in the property must be notified of the petition for forfeiture.[1] Any person claiming an interest in the vehicle can file a petition for release of his interest in the property.[2] If the claimant has a valid interest that is not subject to forfeiture, the court shall order release of the property or partial release and forfeiture,[3] in which case the property is sold and the proceeds distributed among legitimate claimants first.[4]

The district judge expressed concern that the persons penalized on forfeiture would be the bank that loaned Arave the purchase money for the car and Arave's father who stood as guarantor for the loan. The record does not show that either the bank or Arave's father filed a claim on the vehicle. There is no assertion that they failed to receive notice or were prevented from entering evidence at the hearing. If the district court concluded that they had legitimate claims, the statute clearly provided a method for satisfaction of the claims upon forfeiture of the vehicle.

As to the final point that the value of the car was disproportionate to the use made of the vehicle in transporting contraband, we hold that the value of the property seized is immaterial. The statute is devoid of any intent to the contrary. To hold that property would not be subject to forfeiture due to its value would seem to be contrary to the intent and purpose of the statute. The law was not meant to reward the drug dealer who is "prosperous in his traffic" by refusing to forfeit his expensive car.[5] The statute manifests the opposite intent.

We hold therefore that the trial court erred in denying the petition for forfeiture.

1. U.C.A., 1953, § 58–37–13(9)(c).

2. U.C.A., 1953, § 58–37–13(9)(e).

3. U.C.A., 1953, § 58–37–13(9)(j).

The order of denial is reversed, and the case is remanded with direction to grant the petition.

HALL, C.J., and DURHAM and ZIMMERMAN, JJ., concur.

STEWART, J., dissents.

4. U.C.A., 1953, § 58–37–13(9)(j)(i).

5. *State v. One Porsche, supra* (Crockett J., dissenting).