**STATE of Utah, Plaintiff and Appellant,**

v.

**ONE 1988 CHEVROLET CAMARO, UTAH LICENSE NO. 655 CTB, VIN NO. 1G1FP21S5JL117759, and Four Hundred Dollars in U.S. Currency (Miguel Palomo, Claimant), Defendants and Appellees.**

**No. 900349.**

Supreme Court of Utah.

July 5, 1991.

---

R. Paul Van Dam, Salt Lake City, and Les Daroczi, Reed M. Richards, Ogden, for plaintiff and appellant.

Jay D. Edmonds, Salt Lake City, for defendants and appellees.

HOWE, Associate Chief Justice:

On October 15, 1989, Miguel Palomo was arrested for reckless driving. During an inventory search of his vehicle, police found a plastic bag containing less than one ounce of marijuana in the console next to the driver's seat. Marijuana debris was found on the rear seat. Palomo pleaded guilty to possession of marijuana. The stipulated facts disclose that the marijuana was for Palomo's personal use. Police seized the vehicle, valued at $10,000, and the State filed this petition for forfeiture of the vehicle under Utah Code Ann. § 58–37–13(1)(e). The district court denied the forfeiture petition. The sole issue is whether the claimant's vehicle is subject to forfeiture because it contained marijuana possessed by claimant for his personal use.

We recently decided this issue in *Davis v. State*, 813 P.2d 1178 (Utah 1991). In that case, we construed the 1987 amendment to Utah Code Ann. § 58–37–13(1)(e), which allowed forfeiture in cases of "simple possession." We held that "the change indicated a legislative intent to make clear that the term 'possession' should be given its plain meaning to include possession for consumption." 813 P.2d at 1180.

*Davis* is controlling here. The statutory amendment of "possession" to *"simple* possession" is not discussed in the legislative committee reports or debates.[1] The district court determined that "possession" and "simple possession" were legal equivalents. They are. However, we take judicial notice of the common usage of "simple possession" in this jurisdiction to distinguish mere possession from possession with intent to distribute. These are two distinct prohibited acts. Section 58–37–8(1)(a)(iv) provides that it is a third degree felony to "possess [marijuana] with intent to distribute." Section 58–37–8(2)(a)(i) provides that it is a class B misdemeanor "for any person knowingly and intentionally to possess or use" less than one ounce of marijuana unless validly prescribed or otherwise authorized.

Other courts have noted that " '[s]imple' implies without additions or modifications; not combined or compound." *Bialkin v. Baer*, 719 F.2d 590, 593 (2d Cir.1983). "Simple possession" of drugs under New Jersey statutes "looks to acquisition and retention by a possessor of a controlled dangerous substance," while "distribution concentrates on the final transfer to a particular party." *State v. Davis*, 68 N.J. 69, 342 A.2d 841, 848 (1975); *cf.* Utah Code Ann. § 58–37–2(11), (27) (definitions of distribution and possession).

There can be but one purpose behind the legislature's amendment: to clarify that all vehicles used to transport controlled substances are subject to forfeiture, even if the owner of the vehicle merely possesses the controlled substance for his own use and has no intent to distribute.

Utah Code Ann. § 58–37–13 was modeled after 21 U.S.C. § 881 (1970). That statute provides in pertinent part:

(a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

. . . .

(4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [controlled substances].

Federal courts have almost uniformly interpreted the above statute to permit forfeiture of a vehicle or vessel in fact situa-

---

**1.** *See* Office of Legis. Research and General Counsel, Interim Study Committee Reference Bulletin 95–96 (Jan.1987); Minutes of Judiciary Interim Committee on H.B. 96, *Seizure of Property in Illegal Operations* 2–3 (Oct. 15, 1986); Remarks of Rep. Dickamore on H.B. 79, 47th Utah Legis.Gen.Sess. (Jan. 27, 1987) (H. Recording disk # 1, side 1) (discussions concentrating on seizure of real property of those convicted of drug crimes rather than addition of word "simple").

tions similar to *Davis* and our present case. In *United States v. One Clipper Bow Ketch Nisku,* 548 F.2d 8 (1st Cir.1977), which is representative of the federal courts' view, a $25,000 ketch was forfeited when marijuana intended for personal use was found on board. The court noted, "While it is true Congress' express concern was with trafficking, this does not preclude the possibility that other conduct was also intended to fall within the statutes." *Id.* at 12 (citations omitted). The court remarked that while the result was harsh, that alone did not warrant the trial court's refusal to enforce the statute as written. In refusing to limit the scope of the statute, the court further stated, "The statute is silent as to the purpose for which the transportation is undertaken, and we cannot read such a limitation into the words used." *Id.* at 11; *see also* cases cited therein and in Annotation, *Drug Transactions—Forfeitures,* 59 A.L.R.Fed. 765, 801–02 (1982).

We therefore follow our recent decision in *Davis* and the majority of the federal courts and reverse the judgment denying the State's petition and remand the case with instructions to grant the petition.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.